UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TIMOTHY RAY PICKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:22-CV-60-KAC-SKL ) ) |
| RONNIE BARNETT, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Ray Pickett filed this civil rights action under 42 U.S.C. § 1983 while incarcerated in the Marion County Jail [Doc. 1]. He also filed a motion seeking leave to proceed *in forma pauperis* [Doc. 2]. Because Plaintiff's motion for leave to proceed *in forma pauperis* was not properly supported, the Court entered an order giving Plaintiff thirty (30) days within which to pay the filing fee or submit the necessary documents [Doc. 6]. Between the time Plaintiff filed his initial complaint and the Court's order advising Plaintiff of his deficient motion, Plaintiff filed six (6) supplements to his complaint [*See* Docs. 4-5, 7-10].

Plaintiff subsequently paid the filing fee to proceed with this action. The same day that the Court received Plaintiff's filing fee, it also received a change of address from Plaintiff indicating that he had been released from the Marion County Jail [Doc. 11]. Because Plaintiff had filed six (6) supplements to his complaint that failed to comply with Federal Rule of Civil Procedure 8, on May 24, 2022, the Court entered an order requiring Plaintiff to file a single, comprehensive complaint within fourteen (14) days of entry of the Order [Doc. 12]. That Order, which was mailed to Plaintiff's updated address, explicitly warned Plaintiff that failure to file a compliant amended complaint by the deadline would result in the dismissal of this action [*Id*. at 1-2]. Despite the

Court's warning, Plaintiff has not complied with the Court's Order, and the time for doing so has passed [*See* Doc. 12 at 1]. Thus, for the reasons set forth below, the Court **DISMISSES** this matter under Rule 41(b).

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. It appears that Plaintiff received the Order and chose not to comply. Second, Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants because they have not yet been served. Third, the Court's Order expressly warned Plaintiff that a failure to timely submit an amended complaint would result in the dismissal of this action [Doc. 12]. Finally, alternative sanctions are not warranted here because Plaintiff has failed to comply with the Court's clear instructions. These factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court **DISMISSES** this action. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
